IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ANTHONY STEVEN WRIGHT,

    Plaintiff,

v.

AMERICAN'S BULLETIN, ROBERT DEAN KELLY, and MARIANNE McCUTCHEON,

    Defendants.

No. CV 09-10-PK

OPINION AND ORDER

MOSMAN, J.,

On January 25, 2010, Magistrate Judge Papak issued Findings and Recommendation ("F&R") (#91) in the above-captioned case recommending resolution of twenty-three motions that have been filed by the parties in this case. Plaintiff Anthony Wright filed objections to the F&R (#93),[1] as did Defendant Marianne McCutcheon (#95).[2] Mr. Wright also filed a response to Ms. McCutcheon's objections (#96).

---

[1] In many of his objections, Mr. Wright argues that he can plead facts sufficient to sustain several of the claims that Judge Papak recommended for dismissal without prejudice. Mr. Wright's arguments do not bear on whether Judge Papak properly recommended that these claims be dismissed without prejudice, but on Mr. Wright's ability to refile or amend his complaint in the future, which he may seek leave to do through a motion to the court. See Fed. R. Civ. P. 15.

[2] Ms. McCutcheon does not raise any objections to Judge Papak's F&R, but submits an affidavit and other documents to show her compliance with Judge Papak's discovery orders. I will not consider these documents in the context of an objection to Judge Papak's F&R; they should be refiled with the Court as a response to the Order to Show Cause.

## DISCUSSION

I. <u>Standards of Review</u>

   A. *Non-Dispositive Motions*

Parties may timely file objections to a magistrate's order for non-dispositive, pretrial matters. Fed. R. Civ. P. 72(a). On review of the magistrate's order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). There is clear error when the court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This standard of review reflects the broad discretion accorded to magistrate judges on pretrial matters. *See, e.g., Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (stating that questions of law are reviewed de novo, while pretrial motions—such as discovery matters—are evaluated under the clearly erroneous standard of review) (citations omitted).

   B. *Dispositive Motions*

With respect to dispositive motions, the magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under

PAGE 2 OPINION AND ORDER

which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## II. Conclusion

Upon review, I agree with Judge Papak's recommendations as to both non-dispositive and dispositive motions, and I ADOPT Judge Papak's Findings and Recommendation (#91) as my own opinion. In light of Judge Papak's detailed description of the procedures required by Local Rules 7-1 and 56-1 and the parties repeated failure to comply with those rules, I also adopt Judge Papak's recommendation that any further motion failing to comply with those rules be denied without further consideration.

Accordingly, defendants' motion to dismiss (#15) is GRANTED IN PART as to Mr. Wright's second, third, and fourth claims for relief, and DENIED IN PART as to Wright's first claim for relief. Mr. Wright's claim for fraud and/or copyright infringement as set forth in his second claim for relief is DISMISSED WITHOUT PREJUDICE, Mr. Wright's claim for defamation as set forth in his third claim for relief is DISMISSED WITH PREJUDICE, and Wright's claim for defamation as set forth in his fourth claim for relief is DISMISSED WITHOUT PREJUDICE.

Further proceedings in connection with Mr. Wright's motion for summary judgment (#20) will be STAYED, as discussed in Judge Papak's F&R. Mr. Wright's motion to strike (#46) is DENIED, Mr. Wright's motion for default judgment (#48) is DENIED as to Kelly and McCutcheon and DENIED AS MOOT as to American's Bulletin.

Mr. Wright's motion for delivery of subpoenas in connection with video conference hearing (#51) is DENIED AS MOOT. Mr. Wright's motion for video conference hearing (#52) is

DENIED AS MOOT. Mr. Wright's motion for civil arrest is DENIED (#53). Mr. Wright's motion for appointment of counsel (#57) is DENIED AS MOOT. Mr. Wright's motion to strike plaintiff's motion for appointment of counsel (#59) is DENIED AS MOOT. Mr. Wright's motion for protection (#61) is DENIED.

Mr. Wright's motion for default judgment (#63) is DENIED as to Kelly and McCutcheon and DENIED AS MOOT as to American's Bulletin. Mr. Wright's motion for video conference hearing (#64) is DENIED AS MOOT. Mr. Wright's motion for imposition of sanctions and to strike (#66) is GRANTED IN PART AND DENIED IN PART, and I will issue an Order to Show Cause in accordance with Judge Papak's recommendation.

Mr. Wright's motion for default judgment (#67) is DENIED as to Kelly and McCutcheon and DENIED AS MOOT as to American's Bulletin. Mr. Wright's motion for default judgment (#71) is DENIED as to Kelly and McCutcheon and DENIED AS MOOT as to American's Bulletin. Mr. Wright's motion for video conference hearing (#73) is DENIED AS MOOT. Mr. Wright's motion for civil arrest (#75) is DENIED.

Ms. McCutcheon's motion for sanctions (#76) is DENIED. Further proceedings in connection with Ms. McCutcheon's cross-motion for summary judgment (#77) are STAYED, as discussed in Judge Papak's F&R. Ms. McCutcheon's motion to add exhibits (#78) is GRANTED, and the exhibits filed in connection with McCutcheon's motion to add exhibits will be deemed filed in support of McCutcheon's cross-motion for summary judgment (#77).

///

///

///

///

PAGE 4 OPINION AND ORDER

Mr. Wright's motion for default judgment against defendant American's Bulletin (#81) is GRANTED, as set forth in Judge Papak's F&R. Mr. Wright's motion to strike defendants' cross-motion for summary judgment (#84) is DENIED. Mr. Wright's motion to strike defendants' motion for sanctions (#85) is DENIED. Mr. Wright's motion to strike (#88) is DENIED.

IT IS SO ORDERED.

DATED this 9 day of March, 2010.

/s/ MW Neff

MICHAEL W. MOSMAN
United States District Court