IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ANTHONY STEVEN WRIGHT,

        Plaintiff,

        v.

AMERICAN'S BULLETIN, ROBERT DEAN KELLY, and MARIANNE McCUTCHEON,

        Defendants.

No. CV 09-10-PK

OPINION AND ORDER

**MOSMAN, J.**,

On June 10, 2010, Magistrate Judge Papak issued Findings and Recommendation ("F&R") (#130) in the above-captioned case recommending resolution of eighteen motions that have been filed by the parties in this case. Plaintiff Anthony Wright filed objections to the F&R (#133, #132), as did Defendant Marianne McCutcheon (#134). Mr. Wright later filed exhibits in support of his objections, along with a Motion to Dismiss his claims against Ms. McCutcheon and Robert Dean Kelly (#136). Ms. McCutcheon objected to Mr. Wright's exhibits but did not object to Mr. Wright's motion for voluntary dismissal. (*See* Judicial Notice with Facts and Exhibits (#137).) Mr. Kelly has not responded to Judge Papak's F&R, and the American's Bulletin has never appeared in the case.

## DISCUSSION

**I.  Standards of Review**

   **A.  *Non-Dispositive Motions***

Parties may timely file objections to a magistrate's order for non-dispositive, pretrial matters. Fed. R. Civ. P. 72(a). On review of the magistrate's order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). There is clear error when the court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This standard of review reflects the broad discretion accorded to magistrate judges on pretrial matters. *See, e.g.*, *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (stating that questions of law are reviewed de novo, while pretrial motions—such as discovery matters—are evaluated under the clearly erroneous standard of review) (citations omitted).

   **B.  *Dispositive Motions***

With respect to dispositive motions, the magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in

PAGE 2 OPINION AND ORDER

either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## II.   Conclusion

Upon review, I agree with Judge Papak's recommendations as to both non-dispositive and dispositive motions. I also GRANT Mr. Wright's Motion to Dismiss the individual defendants (#136). Therefore, I ADOPT Judge Papak's Findings and Recommendation (#130) as my own opinion, subject to the modification that motions related to claims against Ms. McCutcheon or Mr. Kelly are denied as moot. Based on evidence that was not timely presented to Judge Papak, I further find that plaintiff has presented sufficient evidence of a contract with the American's Bulletin in the amount of $2700. (*See* Pl.'s Entry of Exhibits 1 & 2 (#136); *see also* Robert Kelly's Mot. to Dismiss (#15) 10, 12.) Accordingly, Mr. Wright is entitled to a default judgment against The American's Bulletin in the amount of $1515.

Mr. Wright's Motion for Summary Judgment (#20) is GRANTED IN PART as to the breach of contract claim against defendant The American's Bulletin and otherwise DENIED AS MOOT. Ms. McCutcheon's Motion for Summary Judgment (#77) is DENIED AS MOOT. Ms. McCutcheon's Motion for Sanctions (#99) is DENIED. To the extent Mr. Wright's motion for leave to file a motion in opposition to Ms. McCutcheon's motion for sanctions (#103) is construed as a motion for sanctions, that motion is likewise DENIED. Ms. McCutcheon's motion (#106) styled as a motion to dismiss is hereby construed as a motion for summary judgment and DENIED AS MOOT. Ms. McCutcheon's Motion for Appointment of Pro Bono Counsel for The American's Bulletin (#108) is DENIED.

IT IS HEREBY ORDERED that Mr. Wright's Motion for Leave to File a Motion for Writ of Attachment and Garnishment (#112); Motion for Leave to File Application for Right to Attach Order (#114); motion for leave to file oppositions to McCutcheon's motion for appointment of

PAGE 3   OPINION AND ORDER

pro bono counsel and motion to dismiss (#117); motion for leave to file an opposition to McCutcheon's opposition to Wright's motion for leave to file a motion in opposition to McCutcheon's motion for sanctions (#119), motion for leave to file objections to the court's "prejudicial delays in default judgment" (#124); and motion for leave to file a motion for judicial notice (#126) be stricken from the docket for the reasons explained in Judge Papak's F&R. I note, as did Judge Papak, that the substantive motions and opposition memoranda that were the subject of these motions for leave have all been construed as properly filed and considered by the Court.[1] (*See* F&R (#130) 6 n.1.).

Mr. Wright's Motion for Writ of Attachment and Garnishment (#113); Motion for Right to Attach Order (#115); Motion for Court Action (#125); Motion for Judicial Notice (#127) and second Motion for Judicial Notice (#129) are DENIED.

A default judgment in the amount of $1515 will be entered against The American's Bulletin. When the judgment is entered, the Court will GRANT Mr. Wright's Motion for a Writ of Execution (#97) in connection with that judgment.

IT IS SO ORDERED.

DATED this  21st  day of July, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[1] In an effort to control the voluminous filings in this case, Judge Papak exercised his discretion over the efficient administration of his docket and issued an order requiring the parties to obtain the Court's leave before filing additional documents. (Nov. 20, 2009 Order (#87).) Although Mr. Wright filed numerous motions for leave, it appears that he filed these motions simultaneously with his substantive motions and memoranda rather than waiting for the Court to rule on his motions for leave. In consideration of Mr. Wright's pro se status, Judge Papak nevertheless construed the substantive motions and memoranda as properly filed.